967 F.2d 595
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Julio Cesar SEGOVIA-SANCHEZ, Defendant-Appellant.
 No. 91-30248.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 6, 1992.
Decided June 19, 1992.
 
 1
 Before WALLACE, Chief Judge, GOODWIN, Circuit Judge, and CROCKER,* District Judge.
 
 MEMORANDUM
 
 2
 Segovia-Sanchez (Segovia) appeals his sentence for drug-related crimes. The district court had jurisdiction pursuant to 18 U.S.C. § 3231 and 21 U.S.C. § 841(a)(1). We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We review the district court's legal interpretation of the Sentencing Guidelines de novo, and its factual determinations for clear error. United States v. Wilson, 900 F.2d 1350, 1355 (9th Cir.1990). We affirm.
 
 
 3
 Segovia argues that the district court erred by including amounts of drugs seized on February 8 and 9, 1990, in his base offense level as relevant conduct under United States Guideline Commission, Guidelines Manual, § 1B1.3 (Nov.1990) (U.S.S.G.). This section directs the sentencing court to determine the base offense level for drug crimes on the basis of "all such acts and omissions that were part of the same course of conduct or common scheme or plan as the offense of conviction." Id. § 1B1.3(a)(2). In order for section 1B1.3(a)(2) to operate, the government must prove by a preponderance of the evidence that the defendant either: (1) personally participated in the acts and omissions, or (2) the acts and omissions were "in furtherance of the execution of [ ] jointly-undertaken criminal activity that was reasonably foreseeable by the defendant." Id. § 1B1.3(a)(2) & comment. (nn. 1, 2).
 
 
 4
 Segovia argues that the government failed to prove the first alternative, that he personally participated in any act concerning the drugs and records of drugs that were seized February 8 and 9. The government does not seem to dispute this and it appears to be true, as these items were seized from other individuals.
 
 
 5
 Segovia also contends that the government failed to prove the second alternative, that the acts concerning these drugs were "in furtherance of the execution of [ ] jointly-undertaken criminal activity that was reasonably foreseeable by the defendant." Id. The government argues that Segovia was a partner in Cardenas's drug activities, which included the drugs seized on February 8 and 9. Segovia admitted to becoming involved with Cardenas beginning in December 1989, and delivering heroin periodically since then. Galindo and Falken, both arrested on February 8, 1990, said Segovia would occasionally accompany Moore and Childs to collect the proceeds from their heroin sales. Traffickers Amato and Perkins said that the heroin seized February 8 belonged to Segovia and Cardenas. This evidence is more substantial than that in those cases cited by Segovia that did not attribute certain drugs to the defendant.
 
 
 6
 The district court did not clearly err in determining that the government proved by a preponderance of the evidence that Segovia and Cardenas were involved in a joint undertaking to distribute heroin during this time, that the heroin discovered February 8 and 9 was possessed in furtherance of it, and was reasonably foreseeable to Segovia. Therefore, the district court did not err by including these drugs in Segovia-Sanchez's base offense level as relevant conduct under U.S.S.G. § 1B1.3.
 
 
 7
 AFFIRMED.
 
 
 
 *
 Honorable M.D. Crocker, United States District Judge, Eastern District of California, sitting by designation